# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 04 C 1609 | DATE | 11/23/2004 |
| CASE TITLE | USA ex rel Christopher Robinson vs. Jerry L. Sternes, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. In summary, then, "it appears that an evidentiary hearing is not required" (see Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts) to deal with Robinson's Petition. That same Rule 8(a) calls for "such disposition of the petition as justice shall require, " and in this instance that means the dismissal of the Petition as a matter of law. This Court so orders.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | NOV 29 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | rbf | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 11/24/2004 | |
| SN | courtroom deputy's initials | 2004 NOV 24 AM 8:51 | date mailed notice SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

DOCKETED
NOV 29 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel. )
CHRISTOPHER ROBINSON, )
)
Petitioner, )
)
v. ) No. 04 C 1609
)
JERRY L. STERNES, et al., )
)
Respondents. )

MEMORANDUM OPINION AND ORDER

After this Court issued its brief August 20, 2004 memorandum order that (1) reconfirmed the rejection of respondent Warden Nedra Chandler's motion to dismiss the Amended Petition for Writ of Habeas Corpus ("Petition") that had been filed by Christopher Robinson ("Robinson") and (2) ordered Robinson's appointed counsel Thomas Leinenweber, Esq. to respond to other defenses advanced by the Attorney General's Office on the Warden's behalf, attorney Leinenweber filed a Response that relied solely on the "fundamental miscarriage of justice" exception to the procedural default doctrine that frequently dooms such 28 U.S.C. §2254 ("Section 2254") petitions. To that end Robinson's counsel cited Gomez v. Jaimet, 350 F.3d 673 (7th Cir. 2003) and its reliance on Schlup v. Delo, 513 U.S. 298 (1995).[1]

Because the Response filed on Robinson's behalf did not

---

[1] Although Schlup was a death penalty case, caselaw such as Gomez has consistently applied its holding and language to non-death cases as well.



speak at all to the Answer's procedural default arguments or to the Answer's reliance on Williams v. Taylor, 529 U.S. 362, 405, 409-10 (2000) as to Robinson's one claim that had been addressed on the merits by the state courts, but focused instead only on the "miscarriage of justice" or "actual innocence" escape hatch from such grounds for dismissal, this opinion also proceeds on the premise that Robinson has no other avenue of potential relief. But this opinion does not rest on Robinson's silence in that respect--instead this Court has independently examined the Petition, the Answer and the exhibits covering the state court proceedings, and it has found that premise to be entirely accurate. Hence this opinion will also focus exclusively, as respondent's recently-filed Reply has done as well, on the possible escape hatch.

On that score, it is ironic in a way that Robinson's counsel has cited to Gomez, for that very case calls for the rejection of Robinson's attempt to invoke the "fundamental miscarriage of justice" or "actual innocence" exception to the usual cause-and-prejudice analysis that typically applies in such Section 2254 cases, and that Robinson concededly cannot satisfy. Here is how Gomez, 350 F.3d at 679 defines the applicable standard:

> The fundamental-miscarriage-of-justice exception applies only in the "extremely rare" and "extraordinary case" where the petitioner is actually innocent of the crime for which he is imprisoned. Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). To support a colorable claim of actual innocence the

2

petitioner must come forward with "new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." Id. at 324, 115 S.Ct. 851. The petitioner must also establish that "it was more likely than not that no reasonable juror would have convicted him in light of the new evidence." Id. at 327, 115 S.Ct. 851. As a mixed question of law and fact, we review the Schlup probability determination that no reasonable juror would convict de novo. Bell v. Pierson, 267 F.3d 544, 552 (7th Cir. 2001).

What Robinson adduces to support his claim of "actual innocence" is "that Leroy McKeller [sic--should read 'McKelker'] would testify that he, not the petitioner, was the shooter of the victim" (Resp. at 2). But as the Warden's Reply ¶¶3 and 4 state with total accuracy:

> 3. Petitioner made the same actual innocence claim to the state courts in a post-trial motion. However, a great deal of evidence rebutted his claim. See Exhibit B[2] (filed with Answer). The victim's wife saw petitioner holding a gun while with the victim, just minutes before the victim was shot. Exhibit B at 2. Two eyewitnesses, Bruce Upton and George Daniels, saw petitioner, the victim, and Leroy McKelker arguing about money. Exhibit B at 2. Then, the victim started fighting with McKelker. Id. As the victim was "getting the best of" McKelker, petitioner shot the victim in the head. Exhibit B at 2-3. While the victim was lying on the ground, petitioner fired two more shots at him. Exhibit B at 3. The victim told Upton that "Chris" was the shooter. Exhibit B at 3. The victim also told police that "Chris Space"[1/] shot him. Exhibit B at 3.
>
> 4. McKelker's statement that he was the shooter

---

[2] [Footnote by this Court] Exhibit B to the Answer is the February 19, 1999 order of the Illinois Appellate Court for the First Judicial District in its Case No. 1-97-2341, which affirmed Robinson's conviction and sentence on direct appeal.

3

is not credible as it was made after he was acquitted. Exhibit B at 14. Moreover, when McKelker was arrested, he told police that petitioner was the shooter. Id. This statement was consistent with the testimony presented by Upton and Daniels.

―――――――――

1/ Petitioner's nickname is Chris Space. See Exhibit B at 5.

―――――――――

And the Reply is also correct in invoking Sumner v. Mata, 449 U.S. 539, 546-47 (1981) as defining the credence to be accorded to the state court's just-quoted factual determinations. So even on the assumption that McKelker would testify that he rather than Robinson shot and killed the victim, that would not meet the demanding Schlup test.

In summary, then, "it appears that an evidentiary hearing is not required" (see Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts) to deal with Robinson's Petition. That same Rule 8(a) calls for "such disposition of the petition as justice shall require," and in this instance that means the dismissal of the Petition as a matter of law. This Court so orders.

                                       */s/ Milton I. Shadur*
                                       Milton I. Shadur
                                       Senior United States District Judge

Date: November 23, 2004